# United States Court of Appeals
## For the First Circuit

No. 18-2128

CARMENELISA PEREZ-KUDZMA; VICENTE PEREZ ACEVEDO; BIXCIA NORIEGA
ACEVEDO; CARMEN GLORIA ACEVEDO PAGAN; ZULEMA QUINONES TRABAL,

Plaintiffs, Appellants,

v.

UNITED STATES; DONALD J. TRUMP, in his official capacity as
President, United States; KEVIN K. MCALEENAN, Acting Secretary,
Department of Homeland Security[*]; US DEPARTMENT OF HOMELAND
SECURITY,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. George A. O'Toole, Jr., U.S. District Judge]

Before

Thompson, Kayatta, and Barron,
Circuit Judges.

Carmenelisa Perez-Kudzma for appellants.
Annapurna Balakrishna, Assistant United States Attorney, with
whom Andrew E. Lelling, United States Attorney, was on brief, for
appellees.

---

[*] Pursuant to Fed. R. App. P. 43(c)(2), Acting Secretary Kevin
K. McAleenan has been substituted for former Secretary Kirstjen
Michele Nielsen as defendant.

October 9, 2019

**BARRON**, **Circuit Judge**.  This appeal concerns a 2017 suit that challenges the federal government's decision, following the destruction wrought by Hurricane Maria, not to waive indefinitely the cabotage provision of the Jones Act for Puerto Rico.  That provision, which applies to Puerto Rico, see 46 U.S.C. § 55101(a), prohibits foreign-flag vessels from transporting merchandise between United States coastwise points, see id. § 55102(b).  The District Court dismissed the suit for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  We now find that the plaintiffs lack standing, and vacate and remand for dismissal on jurisdictional grounds.

## I.

The chain of events that led to this lawsuit began when, following the damage that the hurricane inflicted on Puerto Rico, the Secretary of the United States Department of Homeland Security ("DHS") issued a ten-day waiver of the cabotage provision on September 28, 2017, see id. § 501, "to facilitate movement of all products to be shipped from U.S. coastwise points to Puerto Rico."  The waiver applied "to covered merchandise laded on board a vessel within the 10-day period of the waiver and delivered by October 18, 2017."[1]

---

[1] This waiver was the last in a series of waivers that DHS had issued relating to hurricanes that took place in September 2017.  On September 8, 2017, in the wake of Hurricane Harvey and Hurricane Irma, the Secretary of DHS, at the request of the

On October 2, 2017, Carmenelisa Perez-Kudzma, Vicente Perez Acevedo, Bixcia Noriega Acevedo, Carmen Gloria Acevedo Pagan, and Zulema Quinones Trabal (three of whom are residents of Massachusetts and one of whom is a resident of Puerto Rico) filed suit in the United States District Court for the District of Massachusetts. They named as the defendants the United States, President Donald J. Trump, and the Secretary of DHS.

The plaintiffs, each of whom owns real estate and/or personal property in Puerto Rico, contended that the defendants, by refusing to extend the waiver of the cabotage provision "until such time [as] Puerto Rico is deemed to have recovered from the catastrophe caused by Hurricane Maria," were in violation of the Equal Protection Clause, the Due Process Clause, and the Ninth Amendment of the federal Constitution, as well as what they describe as the public trust doctrine. The plaintiffs sought declaratory relief, as well as a temporary restraining order ("TRO") and preliminary injunction "requiring that [DHS] extend[] the Jones Act . . . [waiver] indefinitely."

The defendants opposed the plaintiffs' motion for a TRO and moved to dismiss the plaintiffs' claims under Rule 12(b)(6).

---

Secretary of Defense and the Department of Energy, waived the cabotage provision for seven days to facilitate the movement of petroleum products into South Carolina, Georgia, Florida, and Puerto Rico. On September 11, 2017, at those same agencies' requests, the Secretary of DHS extended the waiver through September 22, 2017.

The District Court denied the plaintiffs' motion for a TRO on the ground that the plaintiffs could not show likelihood of success on the merits for their claims, and granted the defendants' motion to dismiss for failure to state a claim under Rule 12(b)(6). The plaintiffs then timely appealed.

## II.

Understanding the plaintiffs to be seeking ongoing injunctive relief, the defendants argue that the plaintiffs' claims must be dismissed on jurisdictional grounds, because they lack standing under Article III of the United States Constitution to bring them.[2] Because we are obliged to assure ourselves of our jurisdiction under the federal Constitution before we may proceed to the merits, see Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998), we begin with this contention.

In order to bring a claim in federal court, a plaintiff must satisfy the strictures of Article III of the United States Constitution, which provides that federal courts have jurisdiction only over "Cases" or "Controversies." U.S. Const. art. III, § 2, cl. 1. To demonstrate that that there is a case or controversy,

---

[2] Insofar as the plaintiffs do not seek ongoing injunctive relief, their claims are moot, as they do not seek damages. Horizon Bank & Tr. Co. v. Massachusetts, 391 F.3d 48, 53 (1st Cir. 2004) (explaining that "a case is moot when the court cannot give any 'effectual relief' to the potentially prevailing party" (quoting Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992))).

a plaintiff must establish standing. And, to establish standing in that constitutional sense, "a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180-81 (2000); see Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016), as revised (May 24, 2016) (citing Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992)).

The plaintiff "bears the burden of establishing these elements," Spokeo, Inc., 136 S. Ct. at 1547, and must plead "sufficient factual matter to plausibly demonstrate [] standing to bring the action," Gustavsen v. Alcon Labs., Inc., 903 F.3d 1, 7 (1st Cir. 2018) (quoting Hochendoner v. Genzyme Corp., 823 F.3d 724, 731 (1st Cir. 2016)). The issue is one of law that we decide de novo. See Katz v. Pershing, LLC, 672 F.3d 64, 70 (1st Cir. 2012).

The plaintiffs' complaint alleges that the defendants' failure to extend indefinitely the waiver of the cabotage provision has "hindered" and will continue to "hinder[]":   (1) the plaintiffs' "ability . . . to rebuild [their] family home[s] and contribute towards the reconstruction of roads, structures,

schools, buildings, monuments, and overall infrastructure of Puerto Rico"; (2) their "ability to . . . rebuild [their] properties in order to rent the same for income"; (3) their "present and future ability to engage" in certain professions (e.g., "the practice of federal law in Puerto Rico," "real estate," "property management," and film production); and (4) their "ability to visit family members," "vacation," and "receive medical services" in Puerto Rico and on the mainland. In explaining the cause of this "hinder[ing]," the plaintiffs' complaint alleges that it will result from "slowdowns in the economy, [and in the] reconstruction of roads, infrastructure, schools, universities, hotels, and buildings since higher costs to rebuild will significantly delay the reconstruction of Puerto Rico due to higher costs in expenses resulted by the Jones Act."

Thus, the plaintiffs appear to predicate their standing on two interrelated contentions. First, they assert that the increased shipping costs that they attribute to the defendants' decision not to waive indefinitely the cabotage provision will, as a general matter, both increase the costs of rebuilding on the island and slow the island's economic recovery. Second, they assert that these general adverse consequences for Puerto Rico will in turn harm them specifically by "hindering" their ability to repair or to rebuild their property in Puerto Rico, pursue various economic opportunities through their businesses and

professions, or travel to and from Puerto Rico with the consequence that they will not be able to visit family and may even be unable to receive medical services.

But, the plaintiffs' complaint hardly describes the hindering in terms specific enough to indicate that it will result from incrementally increased shipping costs attributable to the defendants' conduct rather than from the "multitude of other factors" that, post-hurricane, may bear on the costs of goods in Puerto Rico and the health of the economy there. See Kauai Kunana Dairy Inc. v. United States, No. CV. 09-00473 DAE-LEK, 2009 WL 4668744, at *5 (D. Haw. Dec. 8, 2009); see also Warth v. Seldin, 422 U.S. 490, 503-08 (1975) (finding that, despite an assumed increase in general housing costs due to the challenged government action, "[a]bsent the necessary allegations of demonstrable, particularized injury, there can be no confidence" that the government caused a redressable injury). This concern is underscored by the plaintiffs' own recognition -- as stated in their complaint -- that millions in Puerto Rico are similarly hindered.

Compounding the problem, the plaintiffs set forth no facts that purport to establish the extent of the increase in shipping costs that may be attributed to the defendants' conduct or the particular ways in which the hindering of which they complain may be traced to such an increase rather than to the

- 8 -

impact on the island of the hurricane's unprecedented damage.  Nor, on appeal, do the plaintiffs attempt to identify where in their complaint they do allege any such facts.  Rather, in response to the defendants' challenge to their standing, they merely assert in conclusory fashion that they have "set forth concrete and particularized harms which were caused by violations of their legally protected interests."

We thus are left with a complaint that sets forth only a diffuse description of the asserted injuries and that omits any facts that explain how those injuries could be identified as resulting from increased shipping costs imposed by the Jones Act. As a result, we agree with the defendants that the plaintiffs have failed to set forth allegations in their complaint that are sufficient to establish their Article III standing.

## III.

The judgment below is vacated and remanded for the claims to be dismissed on jurisdictional grounds.  Each party shall bear their own costs.